### THOMAS v. BOSTON & M. R. R.

(District Court, D. New Hampshire. November 16, 1914.)

No. 117.

COMMERCE (§ 27*)—REGULATIONS—RAILROADS—"INTERSTATE COMMERCE."
Plaintiff was injured by a falling timber while engaged in tearing down part of a railroad roundhouse, which had been rendered useless by a fire. The active function of the roundhouse as an instrumentality in interstate commerce had ceased to exist; the work of removal being necessary, that a new building might be erected for railroad purposes, and which would likely be used in connection with interstate commerce. *Held*, that plaintiff was not engaged in "interstate commerce" at the time

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of his injury, and had no cause of action under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

At Law. Action by Gordon Thomas against the Boston & Maine Railroad. On demurrer to declaration. Demurrer sustained, and writ dismissed.

Taggart, Burroughs, Wyman & McLane, of Manchester, N. H., for plaintiff.

Branch & Branch, of Manchester, N. H., for defendant.

ALDRICH, District Judge. The defendant demurs on the ground that the circumstances of the injury disclosed by the declaration do not bring the employé within the provisions of the act of Congress of April 22, 1908, in respect to liability of common carriers in certain cases.

According to the declaration, the plaintiff was engaged in tearing down a roundhouse, or that part of it which had been rendered useless by a fire, and was injured, not by an instrumentality being actively used in interstate commerce, but by a falling timber.

The active function of the roundhouse as an instrumentality in interstate business had ceased to exist, and the employment, therefore, was in connection with the removal of a useless structure, to the end that a new one might be created for railroad purposes, and very likely for uses in connection with interstate commerce.

As said in several of the cases, there must be a line somewhere, and it would seem that, if this case is within the line, you might as well say that all employés upon railroads, engaged both in interstate and intrastate business, may have the benefit of the act, with the result that with few exceptions all personal injury litigation would be in the federal courts. I do not think the case is within the spirit of the reasoning of either the Pedersen Case, 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, or Ill. Central R. R. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163; and it cannot, it seems to me, be reasonably said that the plaintiff was engaged in interstate commerce at the time of the injury.

Demurrer sustained; writ dismissed. Judgment for the defendant for his costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes